# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No.:
Date of Purchase:

---

SHAMEEKA STEPHENS-JONES,

Plaintiff,

-against-

SHIRLEY ANN SUMMERS, MANUELGONZALEZ, BOWMAN SALES AND EQUIPMENT, INC. and J.B. HUNT TRANSPORT, INC.,

Defendants.

---

**SUMMONS**

Plaintiff designates Kings County as the venue for trial.

That basis for venue is Place of Occurrence.

Incident occurred at or near:
Nostrand Ave & Pulaski Street
Brooklyn, New York

**TO THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to answer this complaint and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Rosedale, New York
May 23, 2025

**GREGORY SPEKTOR & ASSOCIATES, P.C.**

MATTHEW W. HINRICHS, ESQ
*Attorneys for Plaintiff*
One Cross Island Plaza, Suite 203C
Rosedale, New York 11422
718.528.5272

**DEFENDANTS' ADDRESS:**

SHIRLEY ANN SUMMERS
457 Biscayne Drive
Branchville, SC 29432

MANUEL GONZALEZ
920 N Penn Street
Allentown, PA 18102

**Via NY Secretary of State**
BOWMAN SALES AND EQUIPMENT, INC.
10233 Governor Lane Blvd
Williamsport, MD 21795

**Via NY Secretary of State**
BOWMAN SALES AND EQUIPMENT, INC.
15935 Spielman Road
Williamsport, MD 21795

**Via NY Secretary of State**
J.B. HUNT TRANSPORT, INC.
PO BOX 130
615 J.B. Hunt Corporate Dr
Lowell, AR 72745

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No.:

---

SHAMEEKA STEPHENS-JONES,

Plaintiff,

**VERIFIED COMPLAINT**

-against-

SHIRLEY ANN SUMMERS, MANUELGONZALEZ, BOWMAN SALES AND EQUIPMENT, INC. and J.B. HUNT TRANSPORT, INC.,

Defendants.

---

Plaintiff SHAMEEKA STEPHENS-JONES, by their attorneys GREGORY SPEKTOR & ASSOCIATES, P.C., complaining of Defendants herein, alleges as follows:

1. That on July 15, 2023, and upon information and belief, plaintiff SHAMEEKA STEPHENS-JONES was, and still is, a resident of the County of Kings, State of New York.

2. That on July 15, 2023, and upon information and belief, defendant SHIRLEY ANN SUMMERS was, and still is, a resident of the County of Orangeburg, State of South Carolina.

3. That on July 15, 2023, and upon information and belief, defendant MANUEL GONZALEZ was, and still is, a resident of the County of Lehigh, State of Pennsylvania.

4. That on July 15, 2023, and upon information and belief, defendant BOWMAN SALES AND EQUIPMENT, INC. was, and still is, a business corporation with its principal place of business in the County of Montgomery, State of Maryland.

5. That on July 15, 2023, and upon information and belief, defendant BOWMAN SALES AND EQUIPMENT, INC. was, and still is, a domestic business corporation organized and existing under and by virtue of the laws of the State of New York.

6. That on July 15, 2023, and upon information and belief, defendant BOWMAN SALES AND EQUIPMENT, INC. was, and still is, a foreign business corporation authorized to do business under and by virtue of the laws of the State of New York.

7. That on July 15, 2023, and upon information and belief, defendant BOWMAN SALES AND EQUIPMENT, INC. was, and still is, doing business in the State of New York.

8. That on July 15, 2023, and upon information and belief, defendant J.B. HUNT TRANSPORT, INC. was, and still is, a business corporation with its principal place of business in the County of Saratogoa, State of Georgia.

9. That on July 15, 2023, and upon information and belief, defendant J.B. HUNT TRANSPORT, INC. was, and still is, a domestic business corporation organized and existing under and by virtue of the laws of the State of New York.

10. That on July 15, 2023, and upon information and belief, defendant J.B. HUNT TRANSPORT, INC. was, and still is, a foreign business corporation authorized to do business under and by virtue of the laws of the State of New York.

11. That on July 15, 2023, and upon information and belief, defendant J.B. HUNT TRANSPORT, INC. was, and still is, doing business in the State of New York.

12. That on July 15, 2023, and upon information and belief, defendant SHIRLEY ANN SUMMERS owned a motor vehicle bearing South Carolina license plate E11262.

13. That on July 15, 2023, and upon information and belief, defendant SHIRLEY ANN SUMMERS operated a motor vehicle bearing South Carolina license plate E11262.

14. That on July 15, 2023, and upon information and belief, defendant SHIRLEY ANN SUMMERS maintained a motor vehicle bearing South Carolina license plate E11262.

15. That on July 15, 2023, and upon information and belief, defendant SHIRLEY ANN SUMMERS managed a motor vehicle bearing South Carolina license plate E11262.

16. That on July 15, 2023, and upon information and belief, defendant SHIRLEY ANN SUMMERS controlled a motor vehicle bearing South Carolina license plate E11262.

17. That on July 15, 2023, and upon information and belief, defendant MANUEL GONZALEZ owned a motor vehicle bearing Maine license plate U665935.

18. That on July 15, 2023, and upon information and belief, defendant MANUEL GONZALEZ operated a motor vehicle bearing Maine license plate U665935.

19. That on July 15, 2023, and upon information and belief, defendant MANUEL GONZALEZ maintained a motor vehicle bearing Maine license plate U665935.

20. That on July 15, 2023, and upon information and belief, defendant MANUEL GONZALEZ managed a motor vehicle bearing Maine license plate U665935.

21. That on July 15, 2023, and upon information and belief, defendant MANUEL GONZALEZ controlled a motor vehicle bearing Maine license plate U665935.

22. That on July 15, 2023, and upon information and belief, defendant BOWMAN SALES AND EQUIPMENT, INC. owned a motor vehicle bearing Maine license plate U665935.

23. That on July 15, 2023, and upon information and belief, defendant BOWMAN SALES AND EQUIPMENT, INC. maintained a motor vehicle bearing Maine license plate U665935.

24. That on July 15, 2023, and upon information and belief, defendant BOWMAN SALES AND EQUIPMENT, INC. managed a motor vehicle bearing Maine license plate U665935.

25. That on July 15, 2023, and upon information and belief, defendant BOWMAN SALES AND EQUIPMENT, INC. controlled a motor vehicle bearing Maine license plate U665935.

26. That on July 15, 2023, and upon information and belief, defendant J.B. HUNT TRANSPORT, INC. owned a motor vehicle bearing Maine license plate U665935.

27. That on July 15, 2023, and upon information and belief, defendant J.B. HUNT TRANSPORT, INC. maintained a motor vehicle bearing Maine license plate U665935.

28. That on July 15, 2023, and upon information and belief, defendant J.B. HUNT TRANSPORT, INC. managed a motor vehicle bearing Maine license plate U665935.

29. That on July 15, 2023, and upon information and belief, defendant J.B. HUNT TRANSPORT, INC. controlled a motor vehicle bearing Maine license plate U665935.

30. That on July 15, 2023, and upon information and belief, defendant MANUEL GONZALEZ operated a motor vehicle bearing Maine license plate U665935 with the knowledge, permission and consent of defendant BOWMAN SALES AND EQUIPMENT, INC.

31. That on July 15, 2023, and upon information and belief, defendant MANUEL GONZALEZ maintained a motor vehicle bearing Maine license plate U665935 with the knowledge, permission and consent of defendant BOWMAN SALES AND EQUIPMENT, INC.

32. That on July 15, 2023, and upon information and belief, defendant MANUEL GONZALEZ managed a motor vehicle bearing Maine license plate U665935 with the knowledge, permission and consent of defendant BOWMAN SALES AND EQUIPMENT, INC.

33. That on July 15, 2023, and upon information and belief, defendant MANUEL GONZALEZ controlled a motor vehicle bearing Maine license plate U665935 with the knowledge, permission and consent of defendant BOWMAN SALES AND EQUIPMENT, INC.

34. That on July 15, 2023, and upon information and belief, defendant MANUEL GONZALEZ was an employee of defendant BOWMAN SALES AND EQUIPMENT, INC.

35. That on July 15, 2023, and upon information and belief, defendant MANUEL GONZALEZ operated the motor vehicle bearing Maine license plate U665935 during the course of their employment with BOWMAN SALES AND EQUIPMENT, INC.

36. That on July 15, 2023, and upon information and belief, defendant BOWMAN SALES AND EQUIPMENT, INC. was negligent in hiring defendant MANUEL GONZALEZ.

37. That on July 15, 2023, and upon information and belief, defendant BOWMAN SALES AND EQUIPMENT, INC. was negligent in permitting defendant MANUEL GONZALEZ to operate the motor vehicle bearing Maine license plate U665935.

38. That on July 15, 2023, and upon information and belief, defendant BOWMAN SALES AND EQUIPMENT, INC. was negligent in failing to supervise defendant MANUEL GONZALEZ while operating the motor vehicle bearing Maine license plate U665935.

39. That on July 15, 2023, and upon information and belief, defendant BOWMAN SALES AND EQUIPMENT, INC. was negligent in entrusting the vehicle bearing Maine license plate U665935 to defendant MANUEL GONZALEZ.

40. That on July 15, 2023, and upon information and belief, defendant MANUEL GONZALEZ operated a motor vehicle bearing Maine license plate U665935 with the knowledge, permission and consent of defendant J.B. HUNT TRANSPORT, INC.

41. That on July 15, 2023, and upon information and belief, defendant MANUEL GONZALEZ maintained a motor vehicle bearing Maine license plate U665935 with the knowledge, permission and consent of defendant J.B. HUNT TRANSPORT, INC.

42. That on July 15, 2023, and upon information and belief, defendant MANUEL GONZALEZ managed a motor vehicle bearing Maine license plate U665935 with the knowledge, permission and consent of defendant J.B. HUNT TRANSPORT, INC.

43. That on July 15, 2023, and upon information and belief, defendant MANUEL GONZALEZ controlled a motor vehicle bearing Maine license plate U665935 with the knowledge, permission and consent of defendant J.B. HUNT TRANSPORT, INC.

44. That on July 15, 2023, and upon information and belief, defendant MANUEL GONZALEZ was an employee of defendant J.B. HUNT TRANSPORT, INC.

45. That on July 15, 2023, and upon information and belief, defendant MANUEL GONZALEZ operated the motor vehicle bearing Maine license plate U665935 during the course of their employment with J.B. HUNT TRANSPORT, INC.

46. That on July 15, 2023, and upon information and belief, defendant J.B. HUNT TRANSPORT, INC. was negligent in hiring defendant MANUEL GONZALEZ.

47. That on July 15, 2023, and upon information and belief, defendant J.B. HUNT TRANSPORT, INC. was negligent in permitting defendant MANUEL GONZALEZ to operate the motor vehicle bearing Maine license plate U665935.

48. That on July 15, 2023, and upon information and belief, defendant J.B. HUNT TRANSPORT, INC. was negligent in failing to supervise defendant MANUEL GONZALEZ while operating the motor vehicle bearing Maine license plate U665935.

49. That on July 15, 2023, and upon information and belief, defendant J.B. HUNT TRANSPORT, INC. was negligent in entrusting the vehicle bearing Maine license plate U665935 to defendant MANUEL GONZALEZ.

50. That on July 15, 2023, and upon information and belief, Nostrand Avenue, at or near its intersection with Pulaski Street, in the County of Kings, State of New York, was, and still is, a public highway used extensively by the general public.

51. That on July 15, 2023, and upon information and belief, the Plaintiff SHAMEEKA STEPHENS-JONES, was a lawful passenger in a motor vehicle bearing South Carolina license plate E11262 on Nostrand Avenue, at or near its intersection with Pulaski Street, in the County of Kings, State of New York.

52. That on July 15, 2023, Defendants' motor vehicle collided with motor vehicle in which Plaintiff was in, on Nostrand Avenue, at or near its intersection with Pulaski Street, in the County of Kings, State of New York.

53. That the collision was due solely to, and caused wholly by, the careless and negligent manner in which Defendants owned, operated, maintained, managed, and controlled their vehicle, without Plaintiff in any way contributing thereto.

54. That because of Defendant's carelessness and negligence, plaintiff was severely injured, bruised, and wounded, and Plaintiff suffered, still suffers, and will continue to suffer for some time, from physical pain and bodily injuries, and became sick, sore, lame, and disabled, and so remained for a considerable length of time.

55. That because of Defendants' carelessness and negligence, plaintiff was compelled to seek, and did necessarily require, medical treatment and medicine, and did necessarily pay for, and/or become liable for, the cost of that medical treatment and medicine, and upon information and belief Plaintiff will necessarily incur similar expenses in the future.

56. That because of Defendants' carelessness and negligence, plaintiff has been unable to attend to their usual occupation in the manner required.

57. That because of Defendants' carelessness and negligence, plaintiff has sustained serious injuries as defined in Section 5102(d) of the Insurance Law of the State of New York, and has

sustained economic loss greater than basic economic loss as defined in Section 5102 of the Insurance Law of the State of New York.

58. That because of Defendants' carelessness and negligence, plaintiff SHAMEEKA STEPHENS-JONES sustained damages in an amount that exceeds the jurisdictional limits of all lower Courts.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount that exceeds the jurisdictional limits of the lower courts, all together with costs and disbursements in this action.

Dated: Rosedale, New York
May 23, 2025

**GREGORY SPEKTOR & ASSOCIATES, P.C.**

MATTHEW W. HINRICHS, ESQ.
*Attorneys for Plaintiff*
One Cross Island Plaza, Suite 203C
Rosedale, New York 11422
718.528.5272

# ATTORNEY VERIFICATION

MATTHEW W. HINRICHS, an attorney admitted to practice law before the Courts of the State of New York, and associated with GREGORY SPEKTOR & ASSOCIATES, P.C., attorneys for plaintiff SHAMEEKA STEPHENS-JONES hereby affirms the following under penalty of perjury pursuant to CPLR § 2106:

I have read this SUMMONS & COMPLAINT and its contents are true to my own knowledge, except as to those matters which are stated to be upon information and belief, and as to those matters, I believe them to be true.

The information contained in this SUMMONS & COMPLAINT was obtained by reviewing Plaintiff's case file.

That the reason this Verification is made by your Affirmant and not by Plaintiff is that Plaintiff does not reside within Queens County, where GREGORY SPEKTOR & ASSOCIATES, P.C., maintains its office.

Dated: Rosedale, New York
May 23, 2025

GREGORY SPEKTOR & ASSOCIATES, P.C.

[signature]

MATTHEW W. HINRICHS, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

SHAMEEKA STEPHENS-JONES,

Plaintiff,

-against-

SHIRLEY ANN SUMMERS, MANUELGONZALEZ, BOWMAN SALES AND EQUIPMENT, INC. and J.B. HUNT TRANSPORT, INC.,

Defendants.

---

**SUMMONS & VERIFIED COMPLAINT**

---

**GREGORY SPEKTOR & ASSOCIATES, P.C.**
*Attorneys for Plaintiff*
One Cross Island Plaza, Suite 203C
Rosedale, New York 11422
718.528.5272